IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIOVANNI SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-737 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| D. COULEHAN *et al.*, | ) | |
| | ) | Re: ECF No. 27 |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the following reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 27, be granted in part and denied in part.

**II.   REPORT**

    **A.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Giovanni Sanders ("Sanders") is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and is incarcerated at the State Correctional Institution at Albion ("SCI-Albion"). He brings this action *pro se* for the alleged violation of his rights under the First, Eighth, and Fourteenth Amendments during his incarceration at the State Correctional Institution at Greene ("SCI-Greene"). ECF No. 25. The following allegations are taken from the Amended Complaint and are accepted as true at this stage of the litigation.[1]

Sanders names as defendants sixteen SCI-Greene administrators, grievance officers, and corrections officers and asserts that all participated in or acquiesced to retaliation for his complaints related to alleged threats of physical and sexual violence by Defendants D. Lewis, C.O. Smith, D.

---

[1] The Court acknowledges with appreciation Mr. Sanders' neatly printed Amended Complaint. Id.

1

Thomas, and C.O. Schaeffer. Id. Sanders contends that he complained about the threats of violence to Unit Manager Coulehan and Unit Counselor E. Hurd, but both failed to protect him from an assault that occurred on July 10, 2022, when Defendant Lewis struck his head and Defendant Thomas tripped him while he was handcuffed from behind and attached to a tether. This initial incident was followed by the unjustified and excessive use of force against him by Defendants C.O. Dice, C.O. Schaeffer, and C.O. Smith who arrived on the scene, "piled" on top of him and with Lewis, punched Sanders while Thomas continued to pull on the tether. Id. at 5-10. Sanders contends that Thomas, Lewis, Dice, Schaeffer, and Smith failed to protect him from the actions of their co-defendants during the assault, and that Defendant Lieutenant Juarez failed to respond and prevent further harm when he viewed the assault on a computer inside the facility. Id.

Sanders lodged verbal grievances related to the incident. In response, Sanders asserts that he was issued a false misconduct and placed on "709 Restrictions." Id. at 11. The restrictions prevented him from attending weekly virtual visits, daily exercise period, showers, and law library time. Sanders contends the restrictions were imposed without due process and were implemented in a conspiracy to retaliate against him by SCI-Greene administrators and supervisory employees Zaken, Hyntemeyer, Parker, Buzas, Juarez, and Coulehan. Id. at 11-13.

Defendant B. Rudzienski conducted Sanders' misconduct hearing on July 13, 2022. During the hearing, Rudzienski denied Sanders' requests for inmate witness testimony and access to review surveillance video. Rudzienski represented that Defendant Captain Hyntemeyer denied the existence of video evidence. Sanders contends that Rudzienski impeded the fair adjudication of the misconduct charge and participated in a conspiracy to cover up the malicious use of force by finding Sanders guilty of the charges presented before him. Id. at 12-13. The guilty finding resulted in the imposition of 120 days in Disciplinary Custody. Id.

On July 20, 2022, Defendant Unit Manager Coulehan informed Sanders that "a new set of '709 Restrictions'" were being imposed. Id. at 13. The restrictions mandated that Sanders be shackled and recorded during all out-of-cell movement. Sanders asserts that this restriction was approved of and imposed by Defendants Coulehan, Hurd, Hyntemeyer, Parker, Buzas, and Zaken without due process and in a conspiracy to retaliate because Sanders sought "to redress" the July 10, 2022 assault. Id. at 14-15.

Sanders commenced this action with a Complaint and payment of applicable filing fees. ECF No. 1. Defendants responded to the Complaint with a Motion to Dismiss. ECF No. 18. Sanders filed the operative Amended Complaint. ECF No. 25. Thereafter, Defendants filed the pending Motion to Dismiss and brief in support. ECF Nos. 27 and 28. Sanders was granted two extensions of time to respond and has now filed a response and brief in opposition to the pending motion. ECF Nos. 31, 34, 38, and 39.

The Motion to Dismiss is ripe for consideration.

**B.   STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). The complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct…," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and "raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In assessing the plaintiff's claims, "the Court must accept all non-conclusory allegations in the complaint as true, and the non-moving party 'must be given the benefit of every favorable inference.'" Mergl v. Wallace, No. 2:21-CV-1335, 2022 WL 4591394, at *3 (W.D. Pa. Sept. 30, 2022) (quoting Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) and Kulwicki v.

3

Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992)). "However, the Court 'disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.'" Mergl, 2022 WL 4591394, at *3 (quoting City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878–79 (3d Cir. 2018) and James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012)).

Where, as here, the plaintiff is proceeding *pro se*, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If the court can reasonably read a *pro se* litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1962). "Yet 'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)).

    **C.    DISCUSSION**

Defendants move to dismiss this action against certain prison administrators and supervisors for failure to state a claim because Sanders fails to set forth facts establishing their personal involvement in the alleged violation of his constitutional rights. ECF No. 28 at 5-8. Defendants also seek dismissal of Sanders' claims against each of them in his or her official capacity, and dismissal of his conspiracy claims for failure to state a claim. Id. at 3-5.

    **1.  Personal Involvement**

Because Sanders brings this action pursuant to 42 U.S.C. § 1983, he "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

4

the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Each named defendant "'must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" Mack v. Clark, No. 21-cv-00004, 2022 WL 2669510, at *5 (W.D. Pa. July 11, 2022) (quoting Saisi v. Murray, 822 F. App'x. 47, 48 (3d Cir. 2020) and Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007)). "It is the plaintiff's burden to allege facts to 'show that each and every defendant was "personal[ly] involve[d]" in depriving him of his rights.'" Id. (quoting Kirk v. Roan, 04-cv-1990, No. 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006) and Evancho v. Fischer, 423 F.3d 347, 353 (3d Cir. 2006)). Such allegations must be made with appropriate particularity with a description of the conduct at issue, the time, place, and person responsible. Evancho, 423 F.3d at 354 ("For example, she does not allege when the Attorney General Fisher made the decision to transfer her, what steps he took to effect the transfer, whom he instructed to prepare the necessary transfer forms, or who signed those forms. Without addressing any of these facets of her transfer in her amended complaint, Evancho's allegation that Attorney General Fisher himself and/or his "underlings" carried out her transfer is simply a "bald assertion," which a court is not required to credit in deciding a motion to dismiss.").

As to supervisory personal, the doctrine of *respondeat superior* is not an acceptable basis for liability under Section 1983. See, e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, a Section 1983 plaintiff must establish that supervisory officials participated in or had personal knowledge of and acquiesced in the actions which are alleged to have constituted a constitutional deprivation. Miller v. Hoffman, No. 97-cv-7987, 1999 WL 415397, at *11 (E.D. Pa. June 22, 1999).

Personal involvement cannot be based on review and disposition of grievances lodged after the complained of conduct. See Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) ("Our review of the complaint reveals no facts alleging personal involvement on the part of … prison officials and administrators. Although the complaint alleges that [they] responded inappropriately to [plaintiff's] later-filed grievances about his medical treatment, these allegations do not establish [defendants'] involvement in the treatment itself. As a result, this claim was properly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).").

Here, Defendants contend that Sanders fails to allege facts sufficient to establish the personal involvement of ten administrators and supervisors. Defendants do not address Sanders' factual allegations as to many of the individual Defendants but broadly assert that dismissal is warranted based solely the Defendant's job description or title. ECF No. 28 at 8. Beyond Sanders' conspiracy claim, the Court does not reach the pleading adequacy of any underlying claim, which Defendants do not presently challenge.

As related to Lieutenant Juarez, Defendants state his "involvement was as a Supervisor in the Intensive Management Unit," and Sanders therefore fails to state a claim against him. Id. On the contrary, Sanders alleges an Eighth Amendment claim based on Juarez's alleged failure to intervene in the alleged assault to prevent further harm after watching the altercation on his computer screen. ECF No. 25 ¶¶ 56-58, 89. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002) ("We hold that a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so.").

Defendants contend that Unit Manager Coulehan and Unit Counselor Hurd "were involved as grievance review officers." ECF No. 28 at 8. However, Sanders alleges that Coulehan and Hurd

6

failed to protect him from a serious risk of harm presented by "threats of physical and sexual violence levied at him by Defendants Lewis, Smith, Thomas, and Schaeffer in retaliation for Plaintiff's grievance activity." ECF No. 25 ¶ 26. Sanders asserts he told Coulehan and Hurd of the threats on June 25, 2022, July 26, 2022, and again on July 7, 2022 and July 8, 2022, and that he asked to be protected from the involved corrections officers. Both told him that they would "look into it," but otherwise failed to act. Id. ¶¶ 26, 27, 29, 31, 32. At this initial stage of the litigation, these allegations are sufficient to establish their personal involvement in a plausible Eighth Amendment failure to protect claim. See Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by* Bistrian v. Levi, 912 F.3d 79, 84 (3d Cir. 2018) ("[t]o state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."). Sanders also alleges that Coulehan and Hurd participated in implementing restrictions on his movement in retaliation for his complaints about the assault. Id. ¶ 75. Thus, Sanders also alleges Coulehan and Hurd's personal involvement in a scheme to retaliate against him in violation of the First Amendment.

Defendants argue that Zaken and Buzas's "only involvement was reviewing grievance appeals as Superintendent and Deputy Superintendents." ECF No. 19 at 6. On the contrary, Sanders alleges that Zaken and Buzas approved imposing movement restrictions without notice or an opportunity to be heard, and thereby participated in retaliation against him for his complaints about the assault. Sanders also alleges that Defendants Zaken, Buzas, Parker, and Hyntemeyer denied him due process before imposing disciplinary measures. ECF No. 25 ¶¶ 75-79. Sanders separately alleges that Hyntemeyer denied him access to video of the assault to deprive him of his

right to procedural due process in the course of disciplinary proceedings. Id. ¶¶ 70, 95. These allegations, like those advanced against Zaken and Buzas, are sufficient to allege the requisite personal involvement against Parker and Hyntemeyer.

Defendants contend that Defendant Rudzienski's involvement as a hearing examiner for Sanders' misconduct hearing is insufficient to establish personal involvement. ECF No. 19 at 6. Sanders alleges that Rudzienski arbitrarily denied him an opportunity to present witness testimony and have access to material video evidence. Defendants do not address, and the Court therefore does not reach whether movement restrictions invoke an atypical and significant hardship or whether the alleged deprivations entitle Sanders to procedural protections. See Wolfe v. McDonnell, 418 U.S. 539, 463-67 (1974); Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454-457 (1985) (when a liberty interest is at stake, the inmate must receive an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense). Sanders' allegations as to Rudzienski are thin. However, he "has ostensibly pled a procedural due process violation to the extent he can present facts to show that he was denied basic procedural protections in the course of his disciplinary hearings." Holden v. Wetzel, No. 1:18-CV-237, 2021 WL 1090638, at *16 (W.D. Pa. Mar. 22, 2021).

Defendants also move to dismiss Sanders' claims against Defendants Switzer and Pawlowski because their roles in the grievance process are insufficient to establish their personal involvement in the underlying alleged misconduct. ECF No. 19 at 6. In the Amended Complaint, Sanders states in conclusory fashion that these Defendants "conspiratorially acquiesced with the retaliatory weaponization of the so-called 709 Restrictions by [co-Defendants]," "failed to intervene," and thereby violated his First Amendment and Fourteenth Amendment procedural due

process rights. ECF No. 25 ¶¶ 93, 94.  Upon review, the Court agrees that Sanders conclusory allegations are not supported by any facts establishing Switzer and Pawlowski's personal involvement in the underlying conduct. To the extent that liability is based on participation in the grievance process alone, Sanders does not state a claim. Brooks v. Beard, 167 F. App'x at 925. Thus, it is recommended that the Court grant the Motion to Dismiss as to Switzer and Pawlowski for failure to state a claim.

### 2. Official Capacity Claims

Defendants do not distinguish between the nature of the relief requested in Sanders' Amended Complaint but broadly assert that "all such [official capacity] claims should be dismissed." ECF No. 28 at 5. The  Court agrees that Sanders' claims for damages against the individual Defendants in their official capacities are barred by Eleventh Amendment immunity, which protects a state or state agency from suit unless Congress has specifically abrogated the state's immunity, or the state has waived its immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 120-21) ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest.") (internal quotation marks and citation omitted); Durham v. Kelley, 82 F.4th 217, 224 (3d Cir. 2023) ("States, and state officers, if sued in their official capacities for retrospective relief, are not 'persons' subject to suit under § 1983").

However, Sanders also brings claims for injunctive relief. ECF No. 25 at 1, 19-20. Prison officials can be sued for prospective injunctive relief in either their individual or official capacities. Durham v. Kelley, 82 F.4th 217, 224 (3d Cir. 2023) (citing Rochester v. White, 503 F.2d 263, 266 (3d Cir. 1974)). Because Defendants do not provide a basis to dismiss the claims for injunctive relief, it is recommended that the Court grant the Motion to Dismiss Sanders' official capacity

9

claims for damages but deny the Motion to Dismiss his official capacity claims for injunctive relief.

### 3. Conspiracy

It is recommended that the Court dismiss Sanders' civil conspiracy claims because Sanders asserts each claim in conclusory fashion, without relevant supporting facts. "To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1983), *abrogated on other grounds by* United Artists Theatre Circuit Inc. v. Twp. of Warrington, 316 F.3d 392 (3d Cir. 2003). A plaintiff must plead an actual agreement among the parties to the alleged conspiracy. See Watson v. Sec'y Pa. Dep't of Corr., 436 Fed. Appx. 131, 137 (3d Cir. 2011) (*per curiam*). "Mere conclusory allegations that a conspiracy existed will not survive a motion to dismiss." Rogers v. Mount Union Borough ex rel. Zook, 816 F. Supp. 308, 314 (M.D. Pa. 1993). "As 'the linchpin for conspiracy is agreement,' concerted action, without more, cannot suffice to state a conspiracy claim." Watson, 436 F. App'x. at 137 (internal citations omitted). "[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient." Grigsby v. Kane, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003); see also Brown v. Camp Hill, No. 3:10-cv-2612, 2015 WL 5675575, at *5 (M.D. Pa. Sept. 25, 2015) ("A conspiracy claim requires more than mere speculation as to an agreement. Plaintiff must provide specific allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan or conspire to carry out the challenged conduct.") (internal quotation marks omitted); Tang v. State of R.I., Dep't of Elderly

Affairs, 904 F. Supp. 55, 62 (D.R.I. 1995) ("[A]llegations of conspiracy [must] be supported by material facts, not merely conclusory statements.").

Sanders fails to allege any particularized facts from which the Court may reasonably infer "a mutual understanding among the [alleged] conspirators to take action directed toward an unconstitutional end." Grigsby, 250 F. Supp. 2d at 458. Instead, Sanders alleges a conspiracy among Defendants Zaken, Buzas, Hyntemeyer, Parker, Coulehan, and Hurd to impose security and disciplinary measures that limited his movement without due process and in retaliation for constitutionally protected activity. ECF No. 25 ¶¶ 66, 78. Sanders also alleges that Defendant Rudzienski conspired to "cover-up" the use of force by Lewis, Thomas, Dice, Schaeffer, and Smith. Id. ¶ 72. These assertions are legally insufficient to support a conspiracy claim because they are mere conclusions unsupported by factual allegations. Grigsby, 250 F. Supp. 2d at 458. They are also bald allegations against a broad group of Defendants with no delineation of individual conduct and thus do not support the personal involvement of any Defendant. See Van Tassel, 608 Fed. Appx. at 69-70. Therefore, it is recommended that the Court dismiss Sanders' conspiracy claims for failure to state a claim.

### 4. Leave to Amend

Generally, a court should freely grant leave to amend the complaint when justice so requires "unless it would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, "[n]either inequity nor futility of amendment is present" and there is no indication that Sanders "lacks good faith or proper motives." Id. Therefore, it is recommended that the Court permit Sanders leave to file a Second Amended Complaint within thirty days to cure the deficiencies identified in this Report.

**D.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 27, be granted as to Defendants Switzer and Pawlowski, and granted as to Sanders' claims for damages against all Defendants in their official capacities and for all conspiracy claims. It is recommended that Motion to Dismiss be denied as to all other claims and Defendants.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

_/s/ Maureen P. Kelly_
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2024

cc:   The Honorable W. Scott Hardy
      United States District Judge

      All counsel of record by Notice of Electronic Filing

      Giovanni Sanders
      LQ-6720
      SCI Albion
      10745 Route 18
      Albion, PA 16475-0001