IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIOVANNI SANDERS,<br><br>    Plaintiff,<br><br>  v.<br><br>D. COULEHAN, E. HURD, D. LEWIS, D. THOMAS, C.O. DICE, C.O. SMITH, C.O. SCHAEFFER, LIEUTENANT JUAREZ, LIEUTENANT PALOWSKI, CAPTAIN HYNTEMEYER, CAPTAIN PARKER, M. SWITZER, S BUZAZ, MICHAEL ZAKEN, B. RUDZIENSKI, SERGEANT JOHN DOE,<br><br>    Defendants. | Civil Action No. 23-737<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

This matter comes before the Court after *pro se* Plaintiff Giovanni Sanders and Defendants declined to file objections to the Report and Recommendation ("R&R") (Docket No. 41) entered by Magistrate Judge Maureen P. Kelly on August 12, 2024. The R&R recommends that "Corrections Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF25]" (Docket No. 27), filed by Defendants in this matter, be granted in part and denied in part. (Docket No. 41 at 1, 12). Service of the R&R was made on the parties either by mail or through CM/ECF, and they were informed that any objections to same were due by August 26, 2024, for registered users of CM/ECF, and by August 29, 2024, for unregistered users of CM/ECF. (*Id.* at 12 and docket entry text). Thereafter, neither Plaintiff nor Defendants filed any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because neither Plaintiff

1

nor Defendants filed any objections to the R&R – which explicitly stated that "[f]ailure to timely file objections will waive the right to appeal" (Docket No. 12 at 12) – we review the magistrate judge's decision for plain error.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. United States Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R, the Amended Complaint, and the entire record, the Court will accept Judge Kelly's recommendation and grant in part and deny in part Defendants' motion to dismiss.  In so doing, to the extent Defendants move to dismiss the personal capacity claims against certain Defendants for failure to state a claim because Plaintiff does not set forth facts establishing their personal involvement, the Court agrees with Judge Kelly that Plaintiff does sufficiently allege facts to establish the personal involvement of each Defendant at issue, with the exception of Defendants Switzer and Pawlowski.  (Docket No. 41 at 4-9).  The Court also agrees with Judge Kelly that Plaintiff's claims for damages against Defendants in their official capacities are barred by Eleventh Amendment immunity,[1] while Defendants do not provide a basis to dismiss Plaintiff's claims against them for injunctive relief.  (*Id.* at 9-10).  Additionally, the Court agrees with Judge Kelly that Plaintiff's allegations are legally insufficient to support his

---

[1] The Court notes that, to the extent Plaintiff's claims against Defendants in their official capacities are barred by Eleventh Amendment immunity, such claims are properly dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (stating that since "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction," the defendants' summary judgment motion could "properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction" under Rule 12(b)(1)); *Jakomas v. McFalls*, 229 F. Supp. 2d 412, 419 (W.D. Pa. 2002) ("Where the Eleventh Amendment to the United States Constitution is raised as a jurisdictional bar to the court's subject matter jurisdiction, these objections must be considered as a motion to dismiss under [Rule 12(b)(1)].").

claims of civil conspiracy against Defendants. (*Id.* at 10-11). In this regard, Plaintiff's conspiracy averments are mere conclusions unsupported by factual allegations, and such conspiracy averments are also bald allegations against a broad group of Defendants with no delineation of individual conduct (so they do not support the personal involvement of any Defendant). (*Id.*). The Court also agrees that Plaintiff should be given leave to amend his Amended Complaint if he wishes to do so. (*Id.* at 11). As such, the Court will accept the R&R's recommended disposition and adopt the R&R as the Opinion of the Court.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 24th day of September, 2024,

IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 41) is ADOPTED as the Opinion of the Court, and Corrections Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 27) is GRANTED IN PART AND DENIED IN PART, as follows:

1. Defendants' motion is GRANTED as to the claims against Defendants Switzer and Pawlowski in their personal capacities, and such claims are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

2. Defendants' motion is GRANTED as to Plaintiff's claims for damages against all Defendants in their official capacities because such claims are barred by Eleventh Amendment immunity, and those claims are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

3. Defendants' motion is GRANTED as to Plaintiff's conspiracy claims against Defendants, and such claims are dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted .

4. Defendants' motion is DENIED as to all other claims and Defendants.

5. The dismissal of Plaintiff's claims is WITHOUT PREJUDICE to Plaintiff's ability to file a Second Amended Complaint, should he choose to do so.

IT IS FURTHER ORDERED that if Plaintiff wishes to file a Second Amended Complaint, he shall do so by **October 24, 2024**, and Defendants shall respond thereto by **November 8, 2024**. If Plaintiff does not file a Second Amended Complaint by **October 24, 2024**, then the claims that are presently being dismissed without prejudice pursuant to Rule 12(b)(6) will be dismissed with prejudice, and Defendants will be required to file an Answer to the remaining claims in Plaintiff's Amended Complaint by **November 8, 2024**.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  The Honorable Maureen P. Kelly
Giovanni Sanders (via U.S. Mail)
All counsel of record