### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIOVANNI SANDERS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-737 |
| D. COULEHAN *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This matter comes before the Court after Plaintiff Giovanni Sanders declined to file objections to the Report and Recommendation ("R&R") (Docket No. 56) that was entered by Magistrate Judge Maureen P. Kelly on February 19, 2025. The R&R recommends that this action be dismissed due to Plaintiff's failure to prosecute. (Docket No. 56 at 1, 5). The R&R was sent to Plaintiff via U.S. Mail at his last known address, which is the address that he most recently provided to the Court.[1]  (*Id.* at 6). The R&R informed Plaintiff that objections to same were due by March 5, 2025, for registered ECF users, while objections to same were due by March 10, 2025, for unregistered ECF users. (*Id.* at 5 and Docket text entry). No objections were filed by that date or thereafter.

---

[1] Plaintiff has twice provided the Court with notices of his change of address. (Docket Nos. 4, 33). Nevertheless, Judge Kelly indicates in the R&R that on December 6, 2024, Plaintiff was released from the custody of the Pennsylvania Department of Corrections but failed to provide the Court with an updated mailing address. (Docket No. 56 at 1). Thereafter, the Court's Order of December 5, 2024, (Docket No. 47), and the Court's Case Management Order of December 17, 2024, (Docket No. 50) were both returned to the Court via U.S. Mail as undeliverable. (Docket No. 56 at 1). On January 14, 2025, the Court issued an Order to Show Cause (Docket No. 55), directing Plaintiff to show cause why this action should not be dismissed due to Plaintiff's failure to comply with the Court's Order entered on September 5, 2023 (Docket No. 8) instructing Plaintiff to notify the Court of his current address throughout the pendency of this matter. (Docket No. 56 at 1-2). The Order to Show Cause was also returned to the Court as undeliverable. (*Id.* at 2). Thus, as Judge Kelly notes in the R&R, the Court has no means to communicate with Plaintiff to permit this litigation to go forward. (*Id.* at 1).

1

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because Plaintiff did not file objections to the R&R – which explicitly stated, "Failure to timely file objections will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket No. 56 at 5).  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation.  As such, the Court will adopt the R&R as the Opinion of the Court and will dismiss this action, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  *See, e.g., Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) ("Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." (citing Fed. R. Civ. P. 41(b)).  In so ruling, the Court agrees with Judge Kelly's application of the six-factor balancing test, as provided in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), that guides a court in determining whether a case should be dismissed for failure to prosecute. (Docket No. 56 at 2).  First, the Court agrees that Plaintiff, who is proceeding *pro se* in this matter, is solely responsible for his own conduct, including his failure to respond to orders from the Court and to update his mailing address, so the first factor weighs heavily in favor of

dismissal. (*Id.* at 3). The Court also agrees that the second factor – whether the adverse party has suffered prejudice because of the dilatory party's behavior – also weighs against Plaintiff since his continued failure to communicate with the Court and his continued inaction frustrates and delays resolution of this case. (*Id.*). Additionally, the Court agrees that the third factor, a history of dilatoriness, weighs heavily against Plaintiff since the docket reflects a history of dilatoriness. (*Id.* at 3-4). Fourth, the Court agrees that Plaintiff's failure to comply with the Court's orders appears to be willful since there is nothing on the docket to suggest that Plaintiff is unable to update his address or otherwise respond to Court orders. (*Id.* at 4). Fifth, the Court agrees that alternative sanctions are unlikely to be effective since Plaintiff is proceeding *pro se* and refuses to communicate with the Court. (*Id.*). Finally, the Court agrees that the last factor, the potential merit of Plaintiff's claims, will not be weighed against Plaintiff based on the resolution of Defendants' earlier Motion to Dismiss. (*Id.*). Thus, the Court agrees that at least five of the six *Poulis* factors support dismissal, with the remaining factor weighing neither against nor in favor of dismissal, and that, on the record here, the extreme sanction of dismissal is supported by the *Poulis* factors. (*Id.* at 5).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 20th day of March, 2025,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 56) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the present action is DISMISSED WITH PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk of Court shall mark this case CLOSED.

                                            */s/ W. Scott Hardy*
                                            W. Scott Hardy
                                            United States District Judge

cc/ecf:        The Honorable Maureen P. Kelly
                    Giovanni Sanders (via U.S. Mail)

Case 2:23-cv-00737-WSH-MPK     Document 57     Filed 03/20/25     Page 4 of 4